ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 2 8 2006

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

ADRIENE NEWBY-ALLEN,
a/k/a Cassandra Miller,
BRINSON ALLEN and
JAMES HOWARD BAILEY, III

CRIMINAL INDICTMENT

NO. 1:06CR155

THE GRAND JURY CHARGES THAT:

COUNT ONE
(Conspiracy)

1. Between in or about late 2004 and on or about March 20, 2006, in the Northern District of Georgia and elsewhere, defendants ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, BRINSON ALLEN and JAMES HOWARD BAILEY, III did willfully, knowingly and unlawfully combine, conspire, confederate, agree and have a tacit understanding with each other and others to commit certain offenses against the United States, including the following:

(a) To knowingly execute and attempt to execute a scheme and artifice to defraud an insured depository financial institution, as defined in Title 18, United States Code, Section 20, by knowingly submitting and causing to be submitted materially false qualifying information and documentation and other fraudulent representations to obtain mortgage and home equity loans from financial institutions, including CitiBank FSB, First National Bank

of Arizona, First Tennessee Bank, Flagstar Bank FSB, IndyMac Bank and National City Bank, in violation of Title 18, United States Code, Section 1344.

(b) To devise and intend to devise a scheme and artifice to defraud mortgage companies, including SouthStar Funding and others, by submitting and causing to be submitted materially false qualifying information and documentation and other fraudulent representations to obtain mortgage and home equity loans, and attempt to do so, causing interstate wire communications to be made in the course of seeking funding approval and wire transfers to be used to fund said loans and for other purposes, in furtherance of said scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

2. It was part of this conspiracy and the objects thereof for:

(a) Defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, to recruit her husband, defendant BRINSON ALLEN, and defendant JAMES HOWARD BAILEY, III of Houston, Texas to become "straw" borrowers to obtain mortgage and home equity loans on a number of properties in the Atlanta, Georgia area;

(b) The sales price of said properties to be fraudulently increased by up to $1.7 million through the efforts of defendant NEWBY-ALLEN and her coconspirators so that inflated mortgage loans could be obtained by defendants ALLEN and BAILEY, with the inflated

loan proceeds to be disbursed for the benefit of defendants and their coconspirators;

(c) Defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, working with coconspirator JR at a mortgage brokerage firm, to cause false qualifying information, including borrower employment, income, assets and/or residency, to be submitted to lenders to obtain mortgage loans for the purchase of said properties in the name of defendants BRINSON ALLEN and JAMES HOWARD BAILEY, III;

(d) False representations to be made to lenders supported by counterfeit documentation that defendants BRINSON ALLEN and JAMES HOWARD BAILEY, III possessed non-borrowed funds to make the down payments required to qualify them as borrowers on the loans for which they applied;

(e) Defendants BRINSON ALLEN and JAMES HOWARD BAILEY, III to sign loan applications, primary and/or secondary residency certifications, HUD1 Settlement Statements and other documents containing materially false qualifying information;

(f) Requests to be made that the loan proceeds be disbursed in such a manner that allowed the defendants to benefit from the fraudulently inflated loan amounts.

3. In furtherance of this conspiracy, and to effect the objects and purposes thereof, various overt acts were committed by the defendants and their coconspirators within the Northern

District of Georgia and elsewhere, including but not limited to the following:

**JAMES HOWARD BAILEY, III Mortgage Loans and Attempts**

11795 King Road, Roswell, Georgia

(a) In or about late 2004, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, worked with defendant JAMES HOWARD BAILEY, III, who resided in Houston, Texas, to enter into a Purchase and Sale Agreement to buy 11795 King Road in Roswell, Georgia for $1,600,000 and submit loan applications through a loan originator to Flagstar Bank and National City Bank to obtain a $1,120,000 first mortgage and a $350,000 second mortgage for the purchase of this property.

(b) On or about January 21, 2005, in the Northern District of Georgia, defendant JAMES HOWARD BAILEY, III attended closing on the first and second mortgage loans for 11795 King Road where he signed loan applications which contained false qualifying information, and the false representation that he would occupy the property as his primary residence.

(c) On or about January 21, 2005, in the Northern District of Georgia, defendant JAMES HOWARD BAILEY, III attended closing on the first and second mortgage loans for 11795 King Road where he signed and certified as true the HUD1 Settlement Statement which falsely represented that over a $100,000 in cash had been received by the closing attorney from borrower BAILEY, which his

loan application falsely represented came from his own, non-borrowed funds.

(d) On or about February 22, 2005, in the Northern District of Georgia, defendant JAMES HOWARD BAILEY, III signed a loan application for a $409,000 home equity line of credit on 11795 King Road from First Horizon Home Loan Corporation, a division of First Tennessee Bank, containing false qualifying information, including the false representations that he had been employed by Diamond Health Care for four years where he made $32,500 a month, then had on deposit in his two SunTrust Bank accounts $245,000 and $180,000 and would occupy the property as his primary residence; a bogus lease of defendant BAILEY's true primary residence in Texas was also submitted to First Horizon/First Tennessee Bank in support of his false representation that 11795 King Road was to be his primary residence.

(e) From on or about early 2005 through on or about December 6, 2005, defendant JAMES HOWARD BAILEY, III failed to make the required payments on his $1,120,000 first mortgage, his $350,000 second mortgage and his $409,000 equity line on the 11795 King Road property, thereby causing a foreclosure and over $750,000 in losses to his lenders.

2300 Blackheath Trace, Alpharetta, Georgia

(f) In or about April 2005, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller,

worked with defendant JAMES HOWARD BAILEY, III, who resided in Houston, Texas, to enter into a Purchase and Sale Agreement to buy 2300 Blackheath Trace in Alpharetta, Georgia for $3,200,000 and submit loan applications through loan originator JR to First National Bank of Arizona and CitiBank FSB to obtain a $1,917,500 first mortgage and a $500,000 home equity line of credit for the purchase of this property.

(g) On or about May 20, 2005, in the Northern District of Georgia, defendant JAMES HOWARD BAILEY, III attended closing on the first mortgage and home equity loans for 2300 Blackheath Trace where he signed loan applications which contained false qualifying information, including the false representations that he had been employed by Diamond Health Care for four years where he made $39,000 a month, then had on deposit in his three SunTrust Bank accounts $255,131, $396,000 and $516,944 and would occupy the property as his primary residence.

(h) On or about May 20, 2005, in the Northern District of Georgia, defendant JAMES HOWARD BAILEY, III attended closing on the first mortgage and home equity loans for 2300 Blackheath Trace where he signed and certified as true the HUD1 Settlement Statement which falsely represented that approximately $823,000 cash had been received by the closing attorney from borrower BAILEY, which down payment his loan application falsely represented came from his own, non-borrowed funds.

(i) From on or about June 2005 through on or about January 3, 2006, defendant JAMES HOWARD BAILEY, III failed to make the required payments on his $1,917,500 first mortgage and his $500,000 equity line on the 2300 Blackheath Trace property, thereby causing a foreclosure and over $500,000 in losses to his lenders.

680 Heards Ferry Road, Atlanta, Georgia Attempt

(j) In or about July 2005, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, worked with defendant JAMES HOWARD BAILEY, III, who resided in Houston, Texas, to enter into a Purchase and Sale Agreement to buy 680 Heards Ferry Road in Atlanta, Georgia for approximately $3.9 million and submit loan applications through a loan originator JR to CitiBank FSB and another lender to obtain a first mortgage plus a $450,000 second mortgage from CitiBank for the purchase of this property as his secondary residence.

(k) In or about July, 2005, in the Northern District of Georgia, defendants ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and JAMES HOWARD BAILEY, III caused to be submitted to lenders, including CitiBank FSB, loan applications containing false qualifying information, including the false representations that defendant BAILEY had been employed by Diamond Health Care for four years where he made $52,000 a month, then had on deposit in his three SunTrust Bank accounts $395,000, $785,000 and $921,000 and would occupy the property as his secondary residence.

**BRINSON ALLEN Mortgage Loans and Attempts**

10890 Bell Road, Duluth, Georgia Lot

(l) In of about mid 2005, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, caused a Purchase and Sale Agreement to be signed for the purchase of a vacant lot at 10890 Bell Road in Duluth, Georgia for $459,043 and caused a loan application in the name of defendant BRINSON ALLEN to be submitted to IndyMac Bank for a $365,000 mortgage loan for the purchase.

(m) On or about August 31, 2005, in the Northern District of Georgia, defendants ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and BRINSON ALLEN attended closing on the mortgage for 10890 Bell Road where both defendants signed a HUD1 Settlement Statement and defendant BRINSON ALLEN signed the loan application which falsely represented certain qualifying information, thereby causing their $365,000 mortgage loan to be funded by IndyMac Bank.

10890 Bell Road, Duluth, Georgia Construction Loan Attempt

(n) Beginning in or about November 2005, in the Northern District of Georgia, defendants ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and BRINSON ALLEN attempted to obtain a $2,250,000 construction loan from IndyMac Bank in the borrower name of defendant BRINSON ALLEN based upon false qualifying information to build a $3,500,000 house on the Bell Road lot previously purchased with the $365,000 IndyMac loan.

320 Longvue Court, Duluth, Georgia Attempt

(o) On or about November 16, 2005, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, signed a Purchase and Sale Agreement in her Cassandra Miller identity to purchase 320 Longvue Court, a house located in Duluth, Georgia, for $3,300,000, which property was then listed for sale at $1,650,000, after a price reduction by the sellers of $99,000 in August 2005; defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, advised the sellers that the extra $1,650,000 was needed for design and additional construction and would be dedicated for such purposes at the closing of her $3,300,000 loan.

(p) On or about November 22, 2005, in the Northern District of Georgia, defendant BRINSON ALLEN signed a $3,300,000 Purchase and Sale Agreement to purchase 320 Longvue Court, Duluth, Georgia, thereby replacing the Purchase and Sales Agreement just signed by his wife, defendant ADRIENE NEWBY-ALLEN in her Cassandra Miller identity, which property was then still listed for sale at $1,650,000 after a price reduction by the sellers of $99,000 in August 2005.

(q) On or about November 26, 2005, in the Northern District of Georgia, defendant BRINSON ALLEN signed a check for $10,000 drawn on the Wachovia Bank account of Swiss Acquisitions, Inc., as earnest money for his $3.3 million purchase of 320 Longvue Court.

(r) On or about December 30, 2005, in the Northern District of Georgia, loan originator JR working with defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, faxed to the sellers of 320 Longvue Court a conditional approval letter from IndyMac Bank for the funding of a mortgage loan for approximately $3,300,000, contingent upon the sales price matching the list price; thereafter, on or about January 3, 2006, the sellers increased the list price by $1,650,000 to reflect a sales price of $3,300,000.

(s) On or about January 3 and 10, 2006, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and loan originator JR caused mortgage loan applications for a stated income, verified asset $330,000 second mortgage loan in the borrower name of defendant BRINSON ALLEN to be submitted to Citi Home Equity, a wholly owned subsidiary of CitiBank FSB, via an internet loan application program which communicated the applications by wire from the Atlanta, Georgia area to Citi Home Equity in St. Louis, Missouri, for a portion of the purchase price of the 320 Longvue Court, Duluth, Georgia property, falsely representing the purchase price of this property to be $3,300,000.

(t) On about January 3, 2006, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and loan originator JR caused false entries to be made on the first loan application submitted in the borrower name of defendant

BRINSON ALLEN to Citi Home Equity, a wholly owned subsidiary of CitiBank FSB, including listing defendant ALLEN's employer as "Federal Bureau of Investigations/Home Land Security," his occupation as "FBI Agent Officer of Homeland Security" and his income as $45,000 per month.

(u) On about January 10, 2006, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and loan originator JR caused false entries to be made on the second loan application submitted in the borrower name of defendant BRINSON ALLEN to Citi Home Equity, a wholly owned subsidiary of CitiBank FSB, including listing defendant ALLEN's employer as "Federal Bureau of Investigations" and his occupation as "FBI Agent," which application was withdrawn when Citi Home Equity advised that only one application could be considered for this 320 Longvue Court loan.

(v) On about January 3, 2006, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and loan originator JR caused false entries to be made on the first loan application submitted in the borrower name of defendant BRINSON ALLEN to Citi Home Equity, a wholly owned subsidiary of CitiBank FSB, including the false representations that defendant ALLEN had $900,000 on deposit in a specified Bank of America account, $195,000 on deposit in a specified SunTrust Bank account and $30,000 on deposit in a specified Associated Federal Credit

Union account; and thereafter caused Citi Home Equity to be provided with counterfeit bank statements to verify said false deposits.

(w) On or about February 10, 2006, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and loan originator JR caused a mortgage loan application in the name of borrower defendant BRINSON ALLEN for a stated income, verified asset $2,145,000 first mortgage loan to be submitted to SouthStar Funding for the purchase of 320 Longvue Court, Duluth, Georgia, falsely representing the purchase price to be $3,300,000 and that defendant ALLEN would pay 25% or approximately $825,000 of this purchase price as a down payment from his own, non-borrowed funds, with the $2,145,000 in SouthStar loan proceeds to be transferred by wire from an out of state warehouse line of credit to Atlanta, Georgia for the loan closing upon approval of said application.

(x) On about February 10, 2006, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and loan originator JR caused false entries to be made on the SouthStar Funding loan application in the borrower name of defendant BRINSON ALLEN, including listing defendant ALLEN's employer as Swiss Acquisitions, his position as co-owner and his income as $62,000 per month.

(y) On about February 10, 2006, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and loan originator JR caused false entries to be made on the SouthStar Funding loan application in the borrower name of defendant BRINSON ALLEN, including the false representations that defendant ALLEN had $685,255 on deposit in a specified Bank of America account, $994,320 on deposit in a specified SunTrust Bank account and $22,728 on deposit in a specified Associated Federal Credit Union account; and thereafter caused SouthStar Funding to be provided with counterfeit bank statements to verify said false deposits.

(z) On or about March 13, 2006, in the Northern District of Georgia, defendants BRINSON ALLEN and ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, attended the closing for 320 Longvue Court of the $2,145,000 first SouthStar Funding mortgage loan and the second $330,000 Citi Home Equity/CitiBank FSB mortgage loan at the offices of an Atlanta area closing attorney, where both defendants reviewed and signed the two loan applications containing the misrepresentations about defendant BRINSON ALLEN's employment, income and assets referenced above; in addition, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, advised the closing attorney that the required borrower non-borrowed down payment of $842,000 was available and would be provided.

(aa) On or about March 13, 2006, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, asked the closing attorney to divide the loan proceeds due to the sellers as "cash to seller" into two checks.

(bb) On or about March 13, 2006, in the Northern District of Georgia, when the closing attorney declined to divide the "cash to seller" loan proceeds into two checks, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, told the sellers that "the bank required one check" and arranged to pay the sellers' capital gains tax on the amount in excess of the true sales price of $1,650,000 which would now be included in the sellers' check.

(cc) From in or about January 22, 2006 through March 20, 2006, in the Northern District of Georgia, defendant ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, and loan originator JR sought funding from the First National Bank of Arizona in the borrower name of defendant BRINSON ALLEN for a mortgage loan on 320 Longvue Court, Duluth, Georgia, based on false qualifying information contained in defendant ALLEN's loan application.

(dd) Counts Two through Eleven are incorporated herein by reference as an additional overt acts in furtherance of this conspiracy.

All in violation of Title 18, United States Code, Section 371.

COUNTS TWO THOUGH ELEVEN
(Bank Fraud)

4. The Grand Jury hereby realleges and incorporates by reference the factual allegations in Count One of this Indictment as if the same were fully set forth herein.

5. On or about the following dates, in the Northern District of Georgia, the below listed defendants aided and abetted by each other and others, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises, in that, the defendants caused materially false and fraudulent qualifying information and documentation regarding borrower employment, income, assets and residency, the sales price and/or the down payment to obtain and attempt to obtain a mortgage or home equity loan from the following insured financial institutions:

| CT | DATE | DEFENDANTS | BORROWER/ PROPERTY ADDRESS/ SALES PRICE | FINANCIAL INSTITUTION/ LOAN AMOUNT |
|---|---|---|---|---|
| 2 | 1/21/05 | ADRIENE NEWBY-ALLEN & BAILEY | JAMES HOWARD BAILEY, III 11795 King Rd $1.6 million | Flagstar Bank $1,120,000 1st mortgage |
| 3 | 1/21/05 | ADRIENE NEWBY-ALLEN & BAILEY | JAMES HOWARD BAILEY, III 11795 King Rd $1.6 million | National City Bank $350,000 2nd mortgage |

| CT | DATE | DEFENDANTS | BORROWER/ PROPERTY ADDRESS/ SALES PRICE | FINANCIAL INSTITUTION/ LOAN AMOUNT |
|---|---|---|---|---|
| 4 | 2/22/05 | ADRIENE NEWBY-ALLEN & BAILEY | JAMES HOWARD BAILEY, III 11795 King Rd $1.6 million | First Tennessee Bank $409,000 home equity line |
| 5 | 5/20/05 | ADRIENE NEWBY-ALLEN & BAILEY | JAMES HOWARD BAILEY, III 2300 Blackheath Tr $3.2 million | First National Bank of Arizona $1,917,500 1st mortgage |
| 6 | 5/20/05 | ADRIENE NEWBY-ALLEN & BAILEY | JAMES HOWARD BAILEY, III 2300 Blackheath Tr $3.2 million | CitiBank FSB $500,000 home equity line |
| 7 | 4/05 to 7/25/05 | ADRIENE NEWBY-ALLEN & BAILEY | JAMES HOWARD BAILEY, III 680 Heards Ferry $3.9 million | CitiBank FSB $450,000 2nd mortgage attempt |
| 8 | 8/31/05 | ADRIENE NEWBY-ALLEN & BRINSON ALLEN | BRINSON ALLEN 10890 Bell Rd $459,043 | IndyMac Bank $365,000 mortgage for lot purchase |
| 9 | 11/15/05 to 3/13/06 | ADRIENE NEWBY-ALLEN & BRINSON ALLEN | BRINSON ALLEN 320 Longvue Ct $3.3 million | CitiBank FSB $330,000 2nd mortgage attempt |
| 10 | 1/22/06 to 3/20/06 | ADRIENE NEWBY-ALLEN & BRINSON ALLEN | BRINSON ALLEN 320 Longvue Ct $3.3 million | First National Bank of Arizona 1st mortgage attempt |
| 11 | 11/05 to 1/30/06 | ADRIENE NEWBY-ALLEN & BRINSON ALLEN | Brinson Allen 10890 Bell Rd $3.5 million | IndyMac Bank $2,250,000 construction loan attempt |

All in violation of Title 18, United States Code, Sections 1344 and 2.

FORFEITURE PROVISION

6. Upon conviction of one or more of the offenses alleged in Counts One through Eleven of this Indictment, defendants ADRIENE NEWBY-ALLEN, a/k/a Cassandra Miller, BRINSON ALLEN and JAMES HOWARD BAILEY, III shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c) any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the said violations.

7. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant Title 18, United States Code, Section 982 (b) and 21 United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A True BILL

Merrilee Stephens
FOREPERSON

DAVID E. NAHMAIS
UNITED STATES ATTORNEY

Gale McKenzie
GALE McKENZIE
ASSISTANT UNITED STATES ATTORNEY
75 Spring Street, S.W., Ste 600
Atlanta, GA 30303
404/581-6045
Georgia Bar No. 494800